UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH STEGALL,

        Petitioner,

                                CASE NO. 4:10-cv-14201

v.                            JUDGE MARK A. GOLDSMITH
                                MAGISTRATE JUDGE PAUL KOMIVES

LLOYD RAPELJE,

        Respondent.

_____/

**REPORT AND RECOMMENDATION ON PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE (docket #11)**

I.      <u>RECOMMENDATION</u>: The Court should grant petitioner's motion to hold his habeas application in abeyance and stay the proceedings while petitioner exhausts his state court remedies.

II.     <u>REPORT</u>:

A.     *Procedural Background*

        Petitioner Ralph Stegall is a state prisoner, currently confined at the Saginaw Correctional Facility in Freeland, Michigan. On October 20, 2010, petitioner filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2008 state court convictions for criminal sexual conduct and kidnapping. Petitioner's application raises claims of improperly admitted evidence and double jeopardy. In a letter dated January 17, 2011, petitioner requested that the court hold his petition in abeyance so that he can exhaust additional claims through a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.509. On January 27, 2011, I entered an Order construing petitioner's letter as a motion for stay and directing respondent to file a response by February 26, 2011. The letter was subsequently filed by the Clerk and entered on the Court's docket on February 4, 2011. As of the date of this Report, respondent has not filed a

response to the motion.  For the reasons that follow, the Court should conclude that a stay is

appropriate, and should therefore grant petitioner's motion.

B.      *Analysis*

        At the outset, the Court may grant petitioner's motion based on respondent's failure to file

a response.  Respondent has failed to file a response to petitioner's motion, although his time for

doing so has now expired.  *See* E.D. Mich. LR 7.1(d).  Because a response has not been filed, the

motion is deemed unopposed, *see* E.D. Mich. LR 7.1(b) (emphasis added) ("A respondent

opposing a motion *must* file a response, including a brief and supporting documents then

available."), and may be granted on that basis.  *See Brobson v. Borough of New Hope*, No. 00-

0003, 2000 WL 1738669, at *7 (E.D. Pa. Nov. 22, 2000); *Earl's Offset Sales & Serv. Co., Inc. v.

Bekins/EDC, Inc.*, 903 F. Supp. 1148, 1149 (S.D. Tex. 1995).

        Nevertheless, the Court should also conclude that petitioner is entitled to the relief he seeks

on the merits.  In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court considered the intersection of

the total exhaustion rule–which requires a court to dismiss a mixed petition containing exhausted

and unexhausted claims–and the habeas statute's one year limitations period, which does not toll

the time spent pursuing an unexhausted claim in federal court.  Recognizing "the gravity of this

problem and the difficulty it has posed for petitioners and federal district courts alike," *id*. at 275,

the Court approved, at least in some circumstances, the lower courts' use of the so-called "stay

and abeyance" procedure.  "Under this procedure, rather than dismiss the mixed petition . . . a

district court might stay the petition and hold it in abeyance while the petitioner returns to state

court to exhaust his previously unexhausted claims.  Once the petitioner exhausts his state

remedies, the district court will lift the stay and allow the petitioner to proceed in federal court."

*Id.* at 275-76.[1]

Balancing the interests served by the habeas statute's finality and timeliness requirements against the petitioner's interest in having his claims adjudicated in a federal habeas proceeding, the Court concluded that stay-and-abeyance is permissible, but "should be available only in limited circumstances." *Id.* at 277. Specifically, stay-and-abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court." *Id.* Further, even where good cause is present, the court should not grant a stay where the unexhausted claims are plainly meritless. *See id.* Additionally, "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id.* at 278.

Here, there is no indication that petitioner has engaged in abusive or dilatory litigation tactics. Petitioner indicates, and I have no reason to doubt, that he filed this action prior to seeking relief from judgment in the state court because he "misunderstood the habeas process." Further, there was no dilatory conduct. Petitioner did not, for example, wait until the limitations period was almost expired and then file his habeas petition, only then seeking to return to state court. Rather, the Michigan Supreme Court denied petitioner's application for leave to appeal on June 28, 2010, and his conviction became final 90 days later when the time for seeking *certiorari* in the

---

[1] *Rhines* in particular, and the stay-and-abeyance procedure in general, usually concerns a mixed petition–that is, one containing exhausted and unexhausted claims. Here, petitioner's habeas application is technically not a mixed petition, because each of his claims for relief has been exhausted. Rather, petitioner seeks to exhaust new claims that are not currently a part of his petition. Nevertheless, *Rhines* adopts a flexible test which is applicable here. As the Court explained, the purpose of the stay-and-abeyance procedure is to prevent the complex exhaustion, procedural default, and statute of limitations rules applicable to habeas petitions from "unreasonably impair[ing] the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278; *see also*, *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Precluding the stay-and-abeyance procedure here would unreasonably impair petitioner's right to fully adjudicate his claims no less than if his petition were a true mixed petition.

United States Supreme Court expired.  Thus, the limitations period began to run on September 26, 2010, and petitioner filed his application less than one month later.  As to good cause, unfortunately "[t]he Supreme Court did not define 'good cause' in *Rhines*, and no Circuit Court of Appeals has yet opined on its meaning."  *Brown v. Ebert*, No. 05 Civ. 5579, 2006 WL 1273830, at *2 (S.D.N.Y. May 9, 2006) (internal quotation omitted).  Nevertheless some courts, including the Supreme Court, have suggested that a prisoner's good faith misunderstanding of the law constitutes good cause.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (noting in discussing a statute of limitations issue that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."); *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210-11 (D. Nev. 2006) (including in definition of "good cause" a petitioner's "own ignorance or confusion about the law.").  *See generally*, *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (*Pace* "suggest[s] a more expansive definition of 'good cause' . . . than the showing needed for 'cause' to excuse a procedural default.") (on remand from Court's decision in *Rhines*).  Here, as in *Pace*, there is no evidence that petitioner's failure to exhaust his additional claims stemmed from anything other than "reasonable confusion" arising from the intricacies of habeas jurisprudence's procedural rules and the uncertainty surrounding many of those rules arising from the enactment of the AEDPA.  Petitioner's failure to exhaust, in other words, arises from "the procedural complexities confronting a prisoner who endeavors to exercise his statutory right to challenge a state court conviction by means of a petition to a federal district court for a writ of habeas corpus."  *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001).  Petitioner's "reasonable confusion," *Pace*, 544 U.S. at 416, is sufficient to constitute "good cause" for a stay of the proceedings while petitioner exhausts his claims.  *See Rhines*, 544 U.S. at 279 (Stevens, J.,

concurring) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982) (explaining that the Court's "good cause" standard "is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary *pro se* prisoner.'").

Thus, the Court should grant petitioner's request for a stay of the proceedings so that he may exhaust his additional claims. In doing so, however, the Court's "discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA." *Rhines*, 544 U.S. at 277. Thus, the Court must "place reasonable time limits on . . . petitioner's trip to state court and back." *Id.* at 278. In pre-*Rhines* cases the Sixth Circuit, adopting the Second Circuit's approach in *Zarvela*, *supra*, explained that "[w]hen a district court elects to stay a petition, 'it should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed.'" *Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002) (quoting *Zarvela*, 254 F.3d at 381); *see also*, *Godbolt v. Russell*, 82 Fed. Appx. 447, 452 (6th Cir. 2003); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). This approach is consistent with the command of *Rhines*. *See Rhines*, 544 U.S. at 278 (citing with approval the Second Circuit's approach in *Zarvela*). Accordingly, the Court should grant petitioner's request for a stay, conditioned on his filing a motion for relief from judgment in the state court within 30 days of the Court's order entering the stay, and on his seeking a lifting of the stay within 30 days of exhausting the state court appeals process.[2]

_____

[2]In a separate letter dated March 1, 2011, petitioner requests that the Court appoint counsel to represent him. Pursuant to 18 U.S.C. § 3006A and 28 U.S.C. § 2254(h), a court may appoint counsel to represent a petitioner in a habeas corpus case. However, those statutes do not authorize appointment of counsel for state court proceedings. 18 U.S.C. § 3599 does authorize appointment for some services in state proceedings subsequent to a federal habeas proceeding, such as clemency, *see Harbison v. Bell*, 129 S. Ct. 1481, 1486-87 (2009), but that statute by its terms applies only to petitioner's who may or have

C.     *Conclusion*

In view of the foregoing, the Court should grant petitioner's motion to hold his habeas application in abeyance.  Specifically, the Court should grant petitioner's request for a stay, conditioned on petitioner's (1) commencing state court proceedings on his unexhausted claims within 30 days of the Court's order entering a stay, and (2) returning to this Court and seeking a lifting of the stay within 30 days of the conclusion of the state court proceedings.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

---

been sentenced to death.  And in any event the services authorized by § 3599 do not include exhaustion of federal constitutional claims in state court.  *Cf Harbison*, 129 S. Ct. at 1488-89.  The general rule, even in death penalty cases, is that a petitioner "has no right to the assistance of federally appointed counsel or experts to exhaust state remedies."  *In re Joiner*, 58 F.3d 143, 144 (5th Cir. 1995) (per curiam).  In light of this rule, and because I recommend staying the case, it is appropriate to "deny the request for appointment of counsel without prejudice to its renewal upon re-activation of the case."  *Mitchell v. McCaughtry*, 291 F. Supp. 2d 823, 834 (E.D. Wis. 2003).

opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                        s/Paul J. Komives
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE

Dated: 4/21/11


The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on April 21, 2011.

                                        s/Eddrey Butts
                                        Case Manager

7