UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH STEGALL,

               Petitioner,             Case Number 10-14201

v.                                    Honorable David M. Lawson

LLOYD RAPELJE,

               Respondent.

_____/

**ORDER REOPENING CASE, DENYING MOTION TO STAY, AMENDING CAPTION,
AND PERMITTING PETITIONER TO FILE AMENDED PETITION**

Petitioner Ralph Stegall, now confined at the Alger Correctional Facility in Munising, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 on October 20, 2010. On his request, the Court held the petition in abeyance to permit the petitioner to return to the state courts to exhaust additional claims. The case was closed for administrative purposes on May 27, 2011.

On May 4, 2015, the petitioner filed a "Motion to Stay Petition for Writ of Habeas Corpus." Thereafter, the case was reassigned to the undersigned. In that motion, the petitioner informed the Court that he filed several post-conviction motions in the state courts. The attachments to the motion suggest that the state courts completed review of the petitioner's submissions on March 31, 2015, denying him relief. However, the petitioner also states in his motion that he desires to present additional arguments to the state courts, and that he filed the "wrong motion" for relief in those courts earlier. He now asks this court to hold the petition in abeyance again to permit him to return to the state courts another time so he can file a proper motion for relief from judgment under Michigan Court Rule 6.500, and a motion to expand the record under Michigan Court Rule 6.507.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). In this case, the petitioner has not convinced the Court that he has an avenue available in state court to file additional motions.

The petitioner already has filed at least three post-conviction motions in the state courts. The Michigan Supreme Court's latest denial of the petitioner's leave-to-appeal application was based on 6.502(G), which prohibits successive post-conviction motions that challenge the validity of the conviction, unless there was a retroactive change in the law or newly discovered evidence. That court also denied relief citing 6.508(D), which prevents post-conviction motions based on grounds that were or could have been raised on direct appeal. Moreover, although the petitioner explains in his present motion that his objective is to obtain DNA testing of a rape kit that may have a bearing on the case, the Michigan Supreme Court held that the petitioner failed to establish in a motion filed on April 25, 2013 that he was entitled to DNA testing because the petitioner's identity as the perpetrator was not at issue during the trial. *People v. Stegall*, 497 Mich. 902, 856 N.W.2d 14 (2014) (Table); *reconsideration denied*, 861 N.W.2d 18 (Mich. 2015) (Table).

The petitioner may seek reinstatement of his habeas case, but no additional stay of proceedings is appropriate. Because the petitioner has been transferred to another institution within the Michigan Department of Corrections, the Court will amend the caption of this case to reflect his current custodian.

Accordingly, it is **ORDERED** that the Clerk of the Court shall reopen the case and restore it to the Court's active docket.

-2-

It is further **ORDERED** that the motion to stay proceedings [dkt. #20] is **DENIED**.

It is further **ORDERED** that if the petitioner desires to raise any additional claims in this habeas corpus proceeding now that he has returned to state court, he must file an amended habeas corpus petition **on or before July 30, 2015**.  If the petitioner does not file an amended petition by that date, the Court will proceed to adjudicate the claims raised by the petitioner in his original petition.

It is further **ORDERED** that the caption of this case is hereby amended to name the current respondent Catherine Bauman, warden of the Alger Correctional Facility.

                                s/David M. Lawson
                                DAVID M. LAWSON
                                United States District Judge

Dated:   June 9, 2015

<div style="border:1px solid #000; background:#ccc;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 9, 2015.

                    s/Susan Pinkowski
                    SUSAN PINKOWSKI

</div>